**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CARLOS EMMANUEL PADILLA-CALDERON,

Petitioner,

v.

FACILITY ADMINISTRATOR, CENTRAL VALLEY ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-05825-JLT-CDB (HC)

A Number: 206-624-988

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Doc. 8)

Carlos Emmanuel Padilla-Calderon is an immigration detainee proceeding by counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition and order Respondents to provide Petitioner with a bond hearing. (Doc. 8.) The Court served the findings and recommendations on all parties and notified them that any objections were due within seven days. (*Id*. at 2.) The Court advised them that "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id*. at 3, (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) No party filed objections.

According o 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of the case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are

supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on August 19, 2026 (Doc. 8) are **ADOPTED IN FULL**
2. The petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.
3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered by a neutral decisionmaker such that continuing physical custody is legally justified. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.
5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
6. The Clerk of Court is directed to serve a copy of this order on the Central Valley Annex, McFarland, California and then to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: September 1, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE